IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| NAFTOMAR SHIPPING AND TRADING CO. LTD. and LIQUID PETROLEUM GAZ SHIPPING CO. S.A. | § § § § | |
| Plaintiffs | § § | C.A. NO. 6:11-cv-00002 |
| VS. | § § | ADMIRALTY Fed. R. Civ. Pro. 9 (h) |
| KMA INTERNATIONAL S.A. and MAUVELOUS SHIPPING S.A. | § § § | |
| Defendants | § § | |

**PLAINTIFFS' RESPONSE TO MAUVELOUS SHIPPING S.A.'S
EMERGENCY MOTION TO TRANSFER CUSTODIANSHIP
OF THE M/V PRETTY LADY TO THE U.S. MARSHAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Naftomar Shipping and Trading Co. Ltd. ("Naftomar") and Liquid Petroleum Gaz Shipping Co. S.A. ("Liquid Petroleum") (collectively "Plaintiffs"), by their attorneys, Chaffe McCall, L.L.P., and file this their Response to Mauvelous Shipping S.A.'s ("Mauvelous") Emergency Motion to Transfer Custodianship of the M/V PRETTY LADY to the U.S. Marshal.  In support thereof, Plaintiffs would respectfully show the Court as follows:

1. Plaintiffs were very surprised to read in Defendant's Motion that the substitute custodian, Capt. Kho, was relieved on February 4, 2011, by Capt. Pimental without any notification to this Court, the U.S. Marshal, or to the Plaintiffs.  It is customary, if not required, that any substitutions of a vessel's Custodian are always made pursuant to Court Order and with the U.S. Marshal's knowledge and approval.

2.       Plaintiffs do not have sufficient information to respond to Defendant's allegations of exigent circumstances, humanitarian emergency, and the overall current situation onboard the vessel as per Defendant's comments in their Motion, however, if any such exigent circumstances exist, they were solely created by Defendant Mauvelous by waiting until the eleventh hour to notify the Court and the parties concerned of these exigent circumstances.  As such, to the extent that emergency and exigent circumstances exist, they were created by Defendant Mauvelous.

3.       Notwithstanding the above, when the Plaintiffs were notified of this situation in the afternoon of March 8, 2011, they immediately took steps to assist and Plaintiffs are now in communication with the vessel's local agent to make arrangements to provide the vessel with freshwater, marine gas oil, possibly a layberth in Corpus Christi (with the Court's permission), and food and provisions for the crew as necessary.

4.       Additionally, Plaintiffs are in the process of making arrangements for a Custodian to substitute Capt. Pimental, in an orderly manner, once the vessel arrives in port.  As Defendant correctly stated in its Certificate of Conference, Plaintiffs' opposition to the Captain's resignation as substitute custodian will be withdrawn once the vessel is in port (whether Point Comfort or Corpus Christi) and all fast at the berth, and acceptable arrangements have been made for a substitute custodian.

5.       Plaintiffs reserve their position to further respond to Defendant's comments and allegations regarding the cancellation of the charter party, the anticipated cancellation of the management agreement and the alleged late mortgage payments to the bank.  However, on the basis of all available information, Plaintiffs believe that the cancellation or rather the non-renewal of the charter party actually occurred <u>before</u> the vessel's attachment, meaning that the charterer, Othello, gave notice to Mauvelous that it did not intend to exercise its option and renew or extend the charter

party. Additionally, there is evidence before the Court that Mauvelous had already deferred payments to the bank and was already in arrears in their payments to BSM prior to the attachment.

6. Defendant has suggested that they are prepared to abandon the vessel and if this is the case, Plaintiffs would quickly present a Motion for Interlocutory Sale for the Court's consideration in order to liquidate the asset and deposit the proceeds of the sale in the Court's registry to satisfy any claims.

7. As stated above, and in conclusion, Plaintiffs will not oppose the resignation of the current substitute custodian, Capt. Pimental, once the vessel is safely at the port, and alternative arrangements have been made. At the same time, Plaintiffs are making the necessary financial arrangements to respond to the vessel's immediate needs.

    Respectfully submitted,

    /s/ Dimitri P. Georgantas
    Dimitri P. Georgantas
    Texas State Bar No. 07805100
    Federal I.D. No. 2805
    Kevin P. Walters
    Texas State Bar No. 20818000
    Federal I.D. No. 5649
    815 Walker Street, Suite 953
    Houston, Texas 77002
    Telephone: 713-546-9800
    Facsimile: 713-546-9806

    ATTORNEYS FOR PLAINTIFFS,
    NAFTOMAR SHIPPING AND
    TRADING CO. LTD. AND LIQUID
    PETROLEUM GAZ SHIPPING CO. S.A.

OF COUNSEL:
CHAFFE McCALL, L.L.P.

## CERTIFICATE OF SERVICE

  I hereby certify that on the 9th day of March, 2011, I served a true and correct copy of the foregoing Response to Mauvelous Shipping S.A.'s Emergency Motion to Transfer Custodianship of the M/V PRETTY LADY to the U.S. Marshal pursuant to the Federal Rules of Civil Procedure, on the following counsel of record:

Dabney Welsh Pettus
Frank L. McNiff, Jr.
Welder Leshin LLP
800 North Shoreline Blvd., Suite 300
Corpus Christi, Texas 78401

George A. Gaitas
Chalos & Co, P.C.
675 Bering Drive, Suite 275
Houston, Texas 77057

George M. Chalos
Chalos & Co, P.C.
123 South Street
Oyster Bay, NY 11771

             /s/ Dimitri P. Georgantas